LOLLEY, J.
|,Avery D. Durham pled guilty to one count of possession of a schedule II controlled dangerous substance, in violation of La. R.S. 40:967 C, and was sentenced to two years’ hard labor, sentence suspended, a fine of $500.00, and court costs. Durham now appeals. For the following reasons, we affirm Durham’s conviction and sentence.
FACTS
On April 19, 2011, police officers responded to a call from Kimberly Israel complaining that her child’s father, Avery Durham, was peering into her house and that he was not supposed to be there. On their way to Israel’s house, the officers spotted a man fitting the description given by Israel. The officers stopped the man and through questioning, learned that he was Avery Durham. During the encounter, Durham was asked to empty his pockets onto the hood of a police car. Durham agreed; however, as he approached the vehicle he turned away from the vehicle and began to run. One of the officers immediately tackled Durham and placed him under arrest. Durham’s pockets were subsequently searched revealing what appeared to be crack cocaine.
Durham was charged with one count of resisting an officer in violation of La. R.S. *757 14:108 and one count of possession of a schedule II controlled dangerous substance in violation of La. R.S. 40:967 C. Durham filed a motion to suppress evidence, alleging that the search conducted by police, which resulted in the discovery of cocaine in Durham’s pocket, was unconstitutional. The trial court denied Durham’s motion to suppress. Durham ultimately plead guilty to one count of possession of cocaine, preserving his right to appeal the trial court’s denial of his motion to suppress. The trial court convicted and sentenced Durham to serve two years’ hard labor and fined him $500.00, plus court costs. The trial court suspended the jail time and placed Durham on two years of supervised probation. This appeal followed.
DISCUSSION
As his first and only assignment of error, Durham argues that the trial court erred by failing to grant his motion to suppress evidence. Specifically, Durham claims that the officers lacked a warrant and probable cause when they arrested him and, therefore, the subsequent search which revealed the crack cocaine violated his Fourth Amendment rights. Durham claims that his two steps toward one of the officers when asked to place the contents of his pockets on the hood of a police cruiser did not provide probable cause to believe that he was attempting to flee.
This court reviews the trial court’s ruling on a motion to suppress under the manifest error standard in regard to factual determinations, while applying a de novo review to its findings of law. State v. Hemphill, 41,526 (La.App.2d Cir.11/17/06), 942 So.2d 1263, writ denied, 2006-2976 (La.03/09/07), 949 So.2d 441. Great weight is placed on the trial court’s ruling on a motion to suppress in regard to the findings of fact because it had the opportunity to observe the witnesses and weigh the credibility of their testimony. State v. Turner, 46,683 (La.App.2d Cir.12/14/11), 82 So.3d 449, writ denied, 2012-0165 (La.06/22/12), 91 So.3d 965.
IsA search and seizure conducted without a warrant issued on probable cause is per se unreasonable unless the warrantless search and seizure can be justified by one of the narrowly drawn exceptions to the warrant requirement. Minnesota v. Dickerson, 508 U.S. 366, 113 S.Ct. 2130, 124 L.Ed.2d 334 (1993); State v. Warren, 2005-2248 (La.02/22/07), 949 So.2d 1215; State v. Burney, (La.App.2d Cir.05/23/12), 92 So.3d 1184. A traditional exception to the warrant requirement is a search incident to a lawful arrest based upon probable cause. United States v. Robinson, 414 U.S. 218, 94 S.Ct. 467, 38 L.Ed.2d 427 (1973); Hall v. City of Shreveport, 45,205 (La.App.2d Cir.04/28/10), 36 So.3d 419.
The standard for investigatory stops and pat-downs for officer safety, as set forth in Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968), has been codified by the Louisiana legislature in La. C. Cr. P. art. 215.1 and reads, in pertinent part:
A. A law enforcement officer may stop a person in a public place whom he reasonably suspects is committing, has committed, or is about to commit an offense and may demand of him his name, address, and an explanation of his actions.
B. When a law enforcement officer has stopped a person for questioning pursuant to this Article and reasonably suspects that he is in danger, he may frisk the outer clothing of such person for a dangerous weapon. If the law enforcement officer reasonably suspects the person possesses a dangerous weapon, he may search the person.
*758 Louisiana R.S. 14:108, the crime of resisting an officer, which was amended in 2006, states in pertinent part:
A. Resisting an officer is the intentional interference with, opposition or resistance to, or obstruction of an individual acting in his official capacity and authorized by law to make a lawful arrest, lawful detention, or seizure of property or to |4serve any lawful process or court order when the offender knows or has reason to know that the person arresting, detaining, seizing property, or serving process is acting in his official capacity.
B. (1) The phrase “obstruction of’ as used herein shall, in addition to its common meaning, signification, and connotation mean the following:
(a) Flight by one sought to be arrested before the arresting officer can restrain him and after notice is given that he is under arrest.
The amended version added the words “lawful detention” to section (A), to criminalize the resistance of an officer who is attempting a lawful arrest or detention. See State in Interest of J.T., (La.App.4 Cir. 05/16/12), 94 So.3d 847.
At the motion hearing, the trial court heard nearly identical testimony from three law enforcement personnel concerning Durham’s arrest. Officer Melvin Nev-els, employed by the Gibsland Police Department, testified that he, accompanied by Deputy Steve Smith of the Bienville Sheriffs Department, stopped Durham because he fit the description given by Israel and was seen walking away from her residence. Officer Nevels testified that he asked if Durham had just left Israel’s residence, and Durham admitted that he had been to her house to cheek on his son. Officer Nevels stated that he continued to question Durham in order to determine whether Durham was permitted to be near Israel’s residence when Deputy Clint Smith of the Bienville Sheriffs Office arrived.
All three officers testified that during the stop, Durham appeared extremely nervous and agitated. Deputy Clint Smith testified that, for the officers’ safety, he asked Durham if he would mind emptying his pockets |Bonto the hood of a police cruiser. All three officers explained that Durham agreed to the request but instead of approaching the police cruiser, Durham looked as though he was preparing to run and then took two steps towards Off. Nevels who tackled Durham and placed him under arrest. Officer Nevels stated that after Durham was placed in handcuffs, either he or Dep. Clint Smith searched his pockets and found the crack cocaine.
Here, the trial court correctly denied Durham’s motion to suppress evidence. First, the officers had reasonable suspicion to stop Durham because: he fit the description given by Israel; he was seen in the proximity of the Israel’s home; and, upon questioning, he admitted to having peered through Israel’s screen door. Next, the officers had probable cause to believe that Durham was attempting to flee when they arrested him. All three officers testified that while being questioned, Durham appeared extremely nervous, and as he walked towards the police cruiser to empty his pockets, he abruptly changed direction and made two quick steps which indicated that he was attempting to flee. Such behavior is not indicative of a cooperative person and strongly supports probable cause to believe that Durham was attempting to flee the investigative stop. Therefore, his arrest for resisting an officer was valid. As a result, the search of Durham’s pockets which revealed the cocaine was a valid search incident to arrest and did not violate Dur *759 ham’s constitutional rights. The trial court properly denied Durham’s motion to suppress evidence and this assignment of error is without merit.
^CONCLUSION
For the foregoing reasons, the conviction and sentence of Avery D. Durham are affirmed.
AFFIRMED.